49  455
85a 490

## JAMES J. HAYCRAFT

*v.*

## BENJAMIN F. DAVIS.

1. NEW TRIAL—*verdict against the evidence.* Where the only testimony to sustain the action was that of the plaintiff himself, who was flatly contradicted by the defendant, and two other witnesses who were disinterested, and who had full opportunity of knowing the facts to which they testified, and there was no impeachment of their integrity, and the jury found in favor of the plaintiff: *Held,* that such verdict was unwarranted, being manifestly against the weight of evidence, and should be set aside and a new trial awarded.

2. It is the province of the jury to weigh evidence, but they have no right to act from caprice, and render a verdict wholly against the evidence.

APPEAL from the Circuit Court of Jersey county; the Hon. CHARLES D. HODGES, Judge, presiding.

The opinion states the case.

Messrs. WARREN & POGUE, for the appellant.

Messrs. ROBINSON & KNAPP, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of detinue for a promissory note made by James Brown, brought to the Jersey Circuit Court by Benjamin F. Davis, the payee, against James J. Haycraft, and tried by a jury on the general issue and several special pleas. The issues were found for the plaintiff, and the usual judgment was entered, that defendant deliver up the note or pay the plaintiff the value thereof, which was found by the jury to be $1,112.07, a motion for a new trial having been denied.

To reverse this judgment the defendant appeals to this court, making the point that the verdict was contrary to the law and

the evidence. The claim was, that the note had been pledged for a particular purpose, and that purpose accomplished by the payee, the pledgor.

The only testimony to sustain the action was that of the plaintiff himself, and he gave his understanding of the transaction. The point in controversy was, for what was this note left in pledge with the defendant? The plaintiff stated it was only to secure the defendant in his endorsement of plaintiff's note to one Vaughan, for $300. The defendant, and two disinterested witnesses, stated in the most unqualified manner, the defendant was to hold it as security, also for another debt of $93, which the plaintiff owed defendant on account of a quantity of whiskey received of defendant, belonging to one Marshall, and for which defendant was responsible to Marshall. The evidence on this point is clear and explicit. The defendant so testified, and so did Brown and Marshall. There can hardly be said to be any conflict of testimony on this point. It amounts to this, simply, that plaintiff swore Brown's note was pledged for the Vaughan note only, whilst these three witnesses, two of them wholly disinterested, swore it was to be held in pledge for this $93 for the whiskey. It was a flat contradiction of one witness by three others. The evidence so greatly preponderates in favor of the defendant, that we are at a loss to perceive why the jury found as they did, there not being the slightest imputation upon the credibility of those witnesses, and two of them wholly disinterested.

The case of *Wallace* v. *Wren*, 32 Ill. 146, cited by appellee, was a case of warranty of soundness of a horse, and the testimony was so conflicting upon the question, some witnesses testifying one way and some another, that it became a clear case for the jury to settle. Here it is a preponderance of evidence, not arising out of a conflict produced by witnesses on both sides, testifying in opposition, but where one interested witness swears one way, and three others, two of them entirely

disinterested, and upon a matter of contract, swear diametrically opposite.

The case of *Frizzell* v. *Cole*,42 Ill. 362, was an action on the case for slander, where this court believed the court below had invaded the province of the jury by one of the instructions, and we said in that case, that it was the sole province of the jury to determine the weight that evidence should receive, and equally so to consider conflicting evidence without any assistance from the court. It may be, and is asserted as a general rule, the jury do occupy this position, and they must have reasonable latitude and freedom in deciding upon the evidence; but where a case is presented to an appellate court, in which an interested witness testified to one state of facts, and three others, two of them disinterested, stated the facts differently, and they had full opportunity of knowing the facts, and no impeachment of their integrity, their testimony should outweigh that of the single witness, and this court must say, the testimony so strongly preponderates in favor of the defendant as to compel a verdict in his favor. Juries have a right to weigh evidence, but they have no right to act from caprice, and render a verdict wholly against the evidence. If they were so permitted, the lives and property of the citizen would be at their mercy, and exposed to every lawless spoliator who might assail them.

Appellee's counsel are mistaken when they say the defendant did not testify positively to the main facts in the case. He did so testify, and so did Marshall and Brown.

The defendant testified, that plaintiff wanted to get something out of the mill, and as an inducement said to defendant, that he was already secured by Brown's note, which, according to his best recollection, the plaintiff said should be held as security for that accommodation also. This was quite a subordinate fact, and was not positively stated. The main fact was so stated, and in finding the verdict they did, the jury failed to give to the evidence that weight to which it was

58—49TH ILL.

entitled, and which effectually destroyed the testimony of the plaintiff, unsupported, to the same fact.

The verdict should have been set aside and a new trial awarded. The judgment is reversed and the cause remanded, that a new trial may be had.

*Judgment reversed.*