### ALBERT F. LINCOLN

*v.*

### ALLEN G. STOWELL.

1. PLEADING AND EVIDENCE—*variance.* An allegation in a declaration, of a contract, that if the plaintiff would bring about and effect a sale for defendant of his lumber yard and materials, defendant would permit plaintiff to retain one-third interest in the premises and materials, and, in addition thereto, would give him one-third of one-half for effecting the sale, it seems, is not sustained by proof that defendant offered plaintiff if he would make sale of two-thirds of the concern, he would retain one-third and give plaintiff one-half of that, for selling the other two-thirds, and that plaintiff might account for the rest. The pleading and proof is variant.

2. NEW TRIAL—*finding of jury.* To entitle the plaintiff to recover, he must establish his right by a preponderance of testimony. When the testimony of the plaintiff is expressly contradicted by that of the defendant, and defendant is corroborated by two other witnesses, a verdict for the plaintiff is not sustained by the evidence, and it is error to refuse a new trial.

WRIT OF ERROR to the Circuit Court of Peoria County; the Hon. S. D. PUTERBAUGH, Judge, presiding.

Mr. H. GROVE, COOPER & MOSS, and F. W. VOIGT, for the plaintiff in error.

Messrs. INGERSOLL & McCUNE, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of assumpsit brought by Stowell against Lincoln, to recover for services claimed to have been rendered by the former, for the latter, in selling a lumber yard, and stock of materials owned by Lincoln.

The declaration contains three special counts, and the common counts, and sets out in the special counts a contract under which the alleged services were rendered, in these terms: That if Stowell would bring about and effect the sale for Lincoln, of said yard and materials, Lincoln would permit Stowell to retain one-third interest in the premises and materials; and, in addition thereto, would give him one-third of one-half, for effecting the sale.

Stowell on the trial testified to the contract, as follows: "He (Lincoln) said if I would make a sale of two-thirds of the concern, he would retain one-third, and would give me one-half of that for selling the other two-thirds, and I might account for the rest."

The testimony of Lincoln, on the trial, contradicted that of Stowell in every material point.

Lincoln testified that he never made such a contract; that he never asked Stowell to sell the property; never employed him to sell it, and never had any talk with him about selling it for him; that the only conversation they had was, that Stowell "said he was going to find some one with capital to buy out my (Lincoln's) business, so as to give him employment. That he never offered him any thing for doing so."

To entitle the plaintiff to recover, he must establish his cause of action by a preponderance of testimony.

The plaintiff's statement of the contract in his declaration, and on the stand, differs.

The other testimony in the case is in corroboration of that of Lincoln. It appears from that of the two Culters, father and son, who purchased the property, and were witnesses on behalf of the plaintiff, that they made the purchase of Lincoln, and though Stowell was present at the sale, it was at their request, and it would seem rather in their interest and behalf. Thomas Culter testified that Stowell had nothing to do with the matter except to give them information when they asked him. He was taken into their employ immediately after the purchase. The services performed, if any, must have been slight, and there was no direct testimony as to their value. We think the evidence clearly insufficient to sustain the verdict, and that a new trial should have been granted for that reason.

The judgment is reversed and the cause remanded.

*Judgment reversed.*