## ALBERT F. LINCOLN

*v.*

## ALLEN G. STOWELL.

JURY—*must be drawn.* Under the act relating to jurors, in force July 1, 1872, if, during the term, there should be no jury present, for the reason that the time for which they were selected has expired, or for other cause, a new panel should be drawn by the clerk in the manner prescribed in the act; and if such jury is selected by the sheriff under a venire issued, it will be irregular, and a challenge to the array is proper, and it will be error to overrule it.

WRIT OF ERROR to the Circuit Court of Peoria county; the Hon. H. B. HOPKINS, Judge, presiding.

Messrs. COOPER & LAPHAM, and Messrs. McCULLOCH & STEVENS, for the plaintiff in error.

Messrs. INGERSOLL & PUTERBAUGH, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought by Allen G. Stowell, in the circuit court of Peoria county, against Albert F. Lincoln, to recover for services claimed to have been rendered in the sale of a lumber yard and stock of lumber owned by Lincoln.

The cause was before this court at a former term, when the judgment was reversed and the cause remanded. *Lincoln v. Stowell,* 62 Ill. 84.

After the cause was remanded, an amended declaration was filed, when, on the 4th day of June, 1873, a trial of the cause was had before a jury, which resulted in a verdict in favor of the plaintiff for $1500. The court overruled a motion for a new trial, and rendered judgment upon the verdict, to reverse which the defendant brings the record here by writ of error.

The first question presented by the record, and the only one necessary to be considered, involves the construction of an act concerning jurors, in force July 1, 1872.

It appears, from the bill of exceptions, that a jury had been selected and drawn for the first, second and third weeks of the term, as provided by the statute, but no jury had been provided for the fourth week of the term.

Before the expiration of the third week of the term, the court saw it would be necessary to have a jury for the following week, in order to dispose of causes ready for trial. It was therefore ordered that a venire issue to the sheriff for 24 jurors for that week.

Under the order, the sheriff summoned a jury, and when the cause was called for trial, the defendant interposed a challenge to the array, on the ground that the jury had not been selected and drawn as required by the statute. The court overruled the challenge, and the defendant excepted.

Section 8 of the act requires the circuit clerk, at least 20 days before the commencement of a term of court, to go to the office of the county clerk, and, in his presence, draw the names of a sufficient number of persons, not less than 24, for each week that the court will probably be in session for the trial of common law causes, to constitute the petit jurors for the term.

Section 10 requires a summons to be issued, and the sheriff to serve the persons drawn as jurors.

Section 13 declares, If a sufficient number of grand or petit jurors shall not be returned served, or shall not appear, or for any reason the panel shall not be full at the opening of the court, or at any time during the term, the clerk of the court shall again repair to the office of the county clerk, and draw,

in the same manner as at the first drawing, a sufficient number of jurors to fill such panel, who shall be summoned in the same manner as the others.

Section 14 provides, When, by reason of challenge in the selection of a jury for the trial of any cause, or by reason of the sudden sickness, or absence of any juror for any cause, except where he shall be discharged from the panel, the regular panel shall be exhausted, the court may direct the sheriff to summon, from the bystanders, a sufficient number of persons having the qualification of jurors, to fill the panel for the pending trial.

It will be observed that none of the contingencies enumerated in section 14 had arisen which would authorize the court to direct the sheriff to summon a jury from the bystanders; nor was a panel selected merely for a pending trial, but, under the order of the court, 24 men were summoned by the sheriff to constitute a jury for the trial of causes for one week.

Had there been no provision in the statute for obtaining a jury when at the same time the court was required to be held, until the business was disposed of, perhaps recourse might have been had to the common law power of the court for the purpose of obtaining a jury, as was done in *Stone* v. *The People*, 2 Scam. 326. But in this case no such difficulty had arisen. A mode was provided by the statute by which a jury could be obtained. Under section 13 it is provided, if, for any reason, the panel shall not be full at the opening of the court, or at any time during the term, the clerk of the court shall again repair to the office of the county clerk, and draw in the same manner as the first drawing, who shall be summoned, etc. Under this section, if none of the jurors first drawn and served should appear at the beginning of the term, it would no doubt be proper to have a full panel drawn and served in like manner. If, during the term, there should be no jury present, for the reason that the time for which they were selected had expired, or other cause, an entire panel could be drawn, and then summoned in the mode pointed out in the statute.

When, therefore, the court saw a jury would be necessary

for the trial of causes for the fourth week of the term, the clerk should have drawn in the manner provided in the statute. This not having been done, but a jury having been selected by the sheriff from the county, the challenge to the array interposed by the defendant was proper, the overruling of which was error for which the judgment will have to be reversed.

The construction of this act was before this court in the case of *Gropp* v. *The People*, 67 Ill. 156, and although that was a criminal case, and a different rule was held to prevail, yet it was there said: "Were this a civil cause, no doubt it would have been a good cause of challenge that the panel of jurors was so constituted in violation of this act."

Other grounds for a reversal of the judgment have been discussed by the attorneys of plaintiff in error, but as this is conclusive of the case, it is unnecessary to discuss them.

For the error indicated, the judgment will be reversed and the cause remanded.

*Judgment reversed.*