## W. T. Thompson et al.
### v.
## John H. Fullinwider.

Opening settled account—Mistake—Laches—Interest.—In order to open a settled account after a long time has elapsed, and the same had been rendered item by item, the evidence should be very clear and satisfactory that a mistake has occurred.   And where it appears that the party claiming a mistake and over-payment had the means at hand of detecting it, the fault is his own if he fails to discover it.   He cannot recover interest by way of damages for detention of his money when the delay, if any, was by his own neglect.

Appeal from the Circuit Court of Sangamon county; the Hon. C. S. Zane, Judge, presiding.   Opinion filed January 13, 1880.

Messrs. Hay, Greene & Littler, and Messrs. Sterling & Grout, for appellants; that where the verdict is not sustained by the evidence, a new trial will be granted, cited O. & M. R. R. Co. v. Schiebe, 44 Ill. 460; Koester v. Esslinger, 44 Ill. 477; Boudreau v. Boudreau, 45 Ill. 480; Booth v. Hynes, 54 Ill. 363; C. R. I. & P. R. R. Co. v. Herring, 57 Ill. 59; Kuhner v. Griesbaum, 59 Ill. 48; C. C. & I. C. R. R. Co. v. Tecumseh, 59 Ill. 155; Davenport v. Springer, 63 Ill. 276; Schwartz v. Lammers, 63 Ill. 500; Dalton v. Clough, 50 Ill. 47; Belden v. Innes, 84 Ill. 78; Lincoln v. Stowell, 62 Ill. 84; Smith v. Slocum, 62 Ill. 354; Peaslee v. Glass, 61 Ill. 94.

Usurious interest voluntarily paid cannot be recovered back: Hadden v. Innes, 24 Ill. 381; Tompkins v. Hill. 28 Ill. 519; Perkins v. Conant, 29 Ill. 184; Manny v. Stockton, 34 Ill. 306; Town v. Wood, 37 Ill. 512; Pitts v. Cable, 44 Ill. 103; Peddicord v. Connard, 85 Ill. 102.

Interest in this class of cases is recoverable only by force of the statute, and that should be strictly construed: Chicago v. Allcock, 86 Ill. 385; Pekin v. Reynolds, 31 Ill. 529; Ill. Cent. R. R. Co. v. Cobb. 72 Ill. 148; Aldrich v. Dunham, 16 Ill. 403; Sammis v. Clark, 13 Ill. 544; Hill v. Allen, 13 Ill. 592; Kennedy v. Gibbs, 15 Ill. 406; Clement v. McConnell, 14 Ill. 154; White v. Walker, 31 Ill. 438.

In case of mistake, interest is recoverable only after demand for payment: Freeman v. Jeffries, 4 Exch. 189; Brown v. Campbell, 1 Serg. & R. 179; King v. Diehl, 9 Serg. & R. 422; Hunt v. Nevers, 15 Pick. 500; Wells v. Abernethy, 5 Conn. 222; Haven v. Foster, 9 Pick. 112.

Messrs. McGUIRE & HAMILTON, for appellee; as to the right to recover back money paid by mistake, cited Bradford v. Chicago, 25 Ill. 411.

Negligence in discovering the mistake will not bar the right: Devine v. Edwards, 87 Ill. 177.

The verdict must stand unless clearly unsupported by the evidence: People v. Town of Waynesville, 88 Ill. 474.

Upon the right to recover interest: Rev. Stat. 589; Chapman Burt, 77 Ill. 337; Bedell v. Janney, 4 Gilm. 193; Commonwealth v. Crever, 3 Binney, 123; Hudson v. Tenney, 6 N. H. 456.

In the absence of a special contract only six per cent. can be collected: Rev. Stat. 589; Warren v. Tyler, 81 Ill. 18.

McCULLOCH, J. Appellants in this case were engaged in the banking business at Buffalo, Illinois, in the year 1874, and for some time thereafter. Appellee was a dealer in cattle, and had a partner in business by the name of D. S. Williams. This suit was brought by appellee against appellants to recover back certain moneys paid by mistake in the settlement of his bank

account. It is claimed on the part of appellee, that, at the so-licitation of appellants, both he and Williams transferred their individual bank accounts, as well as that of the firm, from the banks in Springfield to that of appellants in Buffalo, under an agreement that they were not to be charged interest on over-drafts on shipments of live· stock. It seems that sometime afterwards Williams learned through his bank book that appel-lants had been charging him interest to the amount of $116.78. He then says he sent the firm book to be balanced, and that it also was returned with interest on overdrafts and express charges to the amount of $90.12. A few days after this he settled up his individual account in the bank, leaving unpaid the said sum of $116.78, which he claims he did not owe, but did not tell appellants that he did ·not owe it, or that he did not intend to pay it. They did not ask him for it, and he went away to Iowa in about four months afterwards, leaving it un-paid. In the meantime, according to the testimony of A. T. Thompson, one of appellants, appellee presented a check of Williams and Fullinwider for the sum of $623.69, which they placed to his individual account in the bank. This overdrew the firm account $90.12, the same sum that Williams says was erroneously charged them for interest and express charges. Having subsequently overdrawn his own account somewhat, as claimed by appellants, and being called on for a settlement, he gave appellants a note for $164.64, which he afterwards paid, and this closed up his business with appellants. These several transactions took place from the spring 1874, to December, 1876. So the matter rested until the summer of 1878, when appellee claims to have discovered certain mis-takes in his bank account with appellants.

It turns out that the individual account of Williams, as well as the firm account, had been transferred to appellee's ac-count and charged to him before the giving of the note. It also seems that he was charged in his individual account with some interest on overdrafts. To recover back these several sums which he claims were wrongfully charged to him by ap-pellants, is the object of this suit. Judgment was rendered against appellants for $258.02, from which they appeal to this court.

In order to open a settled account, after so long a time had elapsed and the same had been rendered item by item, the evidence should be very clear and satisfactory. It will be seen that the case turns largely upon the questions whether appellee authorized the individual account of Williams with the bank to be charged to him, and whether or not he settled his account knowing of the interest charges against him. Upon these two points he stands alone, while certain checks and receipts signed by him in his transactions with Williams through the bank, about the time of his departure for Iowa, of which appellee had entirely forgotten, show him to be a person whose memory is not very reliable. On the other hand both A. T. Thompson, and Grout, the book-keeper in the bank, testify circumstantially to what took place in the bank between the former and appellee, both at the time he gave directions to charge the account of Williams, as well as that of the firm, to himself, and at the time he gave the note in settlement. Their statements are well supported by contemporaneous documentary evidence relating to the transactions. We deem it unnecessary to review the evidence at length, as we think appellee's testimony was fairly overcome and that a new trial should have been granted. Peaslee v. Glass, 61 Ill. 94; C. R. I. & P. R. R. Co. v. Herring, 57 Ill. 59; Koester v. Esslinger, 44 Ill. 476; Lincoln v. Stowell, 62 Ill. 84; Boudreau v. Boudreau, 45 Ill. 480.

The principles of law laid down in the cases just quoted, are particularly applicable in this case. Appellee testifies that he is very poor at figures, that never in his life did he look over a pass book delivered to him by a bank; that when he settled with appellants he did not know the accounts against Williams and the firm were charged to him, or that they had charged him more than ten per cent. interest on overdrafts. In view of this testimony the language of the Supreme Court in Pedicord v. Connard, 85 Ill. 102, becomes very applicable to this case. " But," say that court, " it is urged that he did not know what rate of interest he paid until after he gave this note. If we could concede that such is the fact, it was his duty, within a reasonable time, to learn the rate he had paid,

Thompson v. Fullinwider.

and failing to do so, he must be regarded as having waived all objection to these settlements. The business affairs of the country must be protected against re-opening accounts for a new adjustment after such delays and long acquiescence in settlements and payments."

We are also of the opinion the court below erred in the rule it adopted in regard to interest. The principle adopted is, that if the several items sued for were without authority charged by appellants against appellee, and that he paid the same without knowing they were so charged against him, he might recover interest from the time of payment. The statute allows interest when money is withheld after the same has become due and payable by contract, and upon "money had and received to the use of another without the owner's knowledge, and on money withheld by an unreasonable and vexatious delay in payment." In this case there is no evidence of any fraudulent concealment on the part of appellants, of any fact necessary for appellee to know, in order to ascertain the true state of his accounts. On the other hand, they made the charges openly on his pass-book and returned with the pass-book, when written up, the charge-checks made by themselves together with the checks drawn by himself. If these charges were unauthorized, he had the means of knowledge in his own hands, furnished by appellants themselves, and if he failed to detect the error in his accounts, it was his own fault. He cannot now mulct appellants with interest by way of damages for detention of his money, when the delay, if any, was occasioned by his own neglect. The case therefore does not come within the first clause of the statute quoted, and there cannot be any unreasonable and vexatious delay in payment, so as to bring it within the second clause, until the mistake shall have been discovered and a demand of payment made. The judgment of the Circuit Court is therefore reversed and the cause remanded.

Reversed and remanded.