Davis, J. This action was brought by appellee to recover for three years’ work claimed to have been done by him for appellant, under a contract that appellant was to pay him fifteen dollars a month for his wages and board him. The jury found a verdict for appellee of $165. A motion for a new trial was made by appellant and overruled by the court, and thereupon a judgment was rendered for appellee for the amount of the verdict. The only point in the case is, whether the court erred in refusing a new trial. Appellee testified to the contract as stated above, that appellant was to pay him fifteen dollars a month and his board for his work. Appellee was unsupported by any other witness as to the contract between the parties. Appellant testified that he never agreed to pay appellee fifteen dollars a month for his work, but the contract was that appellee should live with him as long as he lived, and appellant should give him his board, clothes and tobacco and take care of him when he was sick. Appellant was sustained by seven different witnesses who each testified that in conversations with appellee he stated he was working for his board and clothes and tobacco, and was to be taken care of when sick. In Lincoln v. Stowell, 62 Ill. 84, it was held, that to entitle plaintiff to recover he must establish his right by a preponderance of testimony. When the testimony of the plaintiff is expressly contradicted by that of the defendant and defendant is corroborated by two other witnesses, a verdict for the plaintiff is not sustained by the evidence and it is error to refuse a new trial. We think the testimony in this case so strongly preponderated in favor of appellant that the court should have granted a new trial, and the refusal to do so was error for-which the judgment must be reversed and the cause be remanded. Judgment reversed.