## ABRAHAM BERNSTEIN

v.

## WILLIAM PATTERSON.

*Sales—Overpayment—Recovery of Surplus—Evidence.*

In an action to recover an amount claimed to have been paid, over and above what was due upon a certain purchase of goods, the plaintiff alleging that, being unable to read or write, he had trusted a third person to figure for him, this court holds that his testimony alone did not warrant the judgment in his behalf.

[Opinion filed May 29, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. BLUM & BLUM, for appellant.

No appearance for appellee.

GARY, J. There is no appearance in this court by the

Fraser v. Hand.

appellee, and it would seem that the real case can hardly be fairly presented by this record, but the court must take it as it is.

The appellee can not read or write. He bought goods from the appellant to the amount of $70, for which he gave notes secured by chattel mortgage. He testified that in a month or six weeks after he gave the notes he paid the first one and took it up, and in a week or ten days thereafter that he paid the second one and took it up, and thereafter, down to date, more than sixteen months after the notes were given, went on paying small sums, until, as he said, he had paid in all over $120. His excuse for thus continuing to pay was that he could not figure, and as to the $120, a constable figured it up for him. He was the sole witness on his own behalf. The constable was not produced. He said he always got receipts some of which he had lost, but those he produced only amounted to $60.20, and he now recovers $60, on the assumption that, deducting the value of some goods taken away from him under the mortgage, he has overpaid that sum. His testimony alone did not warrant a recovery. If his excuse for paying after his debt was paid, that he could not figure, was sufficient, it made his testimony of no value.

The appellant and his clerk contradicted the appellee on the most material points, but it would be useless labor to take more time or space with the case.

Judgment must be reversed and the case remanded. Peaslee v. Glass, 61 Ill. 94.

*Reversed and remanded.*