## West Chicago St. R. R. Co. v. Elizabeth Byrne.

1. VERDICTS—*Against the Weight of the Evidence—Unsupported
Testimony of the Plaintiff.*—The unsupported testimony of a plaintiff
will not suffice to sustain a verdict, where such testimony is contra-
dicted in its material parts by a witness for the defendant, and such
witness is corroborated by other credible evidence.

2. SAME—*Effect of All the Decisions.*—Where the plaintiff only
affirms under oath, and the defendant denies under oath the exist-
ence of the necessary fact, and the latter is corroborated by another
witness, or other witnesses who are credible, then, as a matter of fact,
there can not be said to be a preponderance of the evidence in support
of the plaintiff's affirmation.

3. ATTORNEYS— *Talking with Witness in Preparing Cases.*—The
mere fact that attorneys at law, in preparing their cases for trial, have
talked with a witness, should not be presented to the jury as ground for
discrediting such witness.

**Action in Case,** for personal injuries. Appeal from the Circuit Court
of Cook County; the Hon. GEORGE W. BROWN, Judge, presiding.
Heard in this court at the March term, 1899. Affirmed. Opinion filed
November 16, 1899.

**Statement.**—This suit was brought by appellee to recover
damages for personal injuries alleged to have been sustained
by appellee through negligence of appellant.

Appellee was a passenger upon one of the cars of appellant, and it is disclosed by the evidence that she was injured while attempting to alight from the car at a street crossing. There is a conflict in the evidence as to whether the injury resulted from the negligence of appellant in starting its car while appellee was in the act of alighting, as alleged by the declaration, or from negligence of appellee in attempting to alight after the car was in motion, as claimed in defense by appellant.

Upon the facts and circumstances of the injury there were four witnesses, viz.: appellee, in her own behalf, and three on behalf of the appellant—the conductor of the car, and two young girls—who testified that they witnessed the occurrence. No one of the other witnesses can be said to have given any testimony as to how appellee fell or was thrown from the car.

The cause has been tried twice. Upon the first trial a verdict for appellee resulted, assessing her damages at $2,500. That verdict was set aside by the trial court. Upon this, the second trial, the issues were again found for appellee and her damages assessed at $1,200. Upon this latter verdict the judgment was rendered from which this appeal is prosecuted.

VAN VECHTEN VEEDER and B. F. RICHOLSON, attorneys for appellant.

KING & GROSS, attorneys for appellee.

MR. PRESIDING JUSTICE SEARS delivered the opinion of the court.

The principal question presented is as to whether the evidence is sufficient to support the verdict. It is not contended, and could not well be, that there is no evidence to sustain the finding of the jury, for the testimony of appellee, alone considered, very amply sustains the allegations of her declaration. But it is argued that the verdict is against the weight of the evidence, and should therefore have been

set aside by the trial court. In that behalf it is contended that the unsupported testimony of a plaintiff will not suffice to sustain a verdict, where such testimony is contradicted in its material parts by a witness for the defendant and such witness is corroborated by other credible evidence. In support of this contention counsel cite Haycraft v. Davis, 49 Ill. 455; Lincoln v. Stowell, 62 Ill. 84; C. W. D. Ry. Co. v. Conley, 43 Ill. App. 347; N. C. St. R. R. Co. v. Fitzgibbons, 54 Ill. App. 385.

We do not, however, conclude from these decisions that there is any fixed rule to the effect that wherever the testimony of the plaintiff stands alone, and there are several witnesses for the defendant, therefore there can be no verdict based upon the plaintiff's testimony alone and supported by a preponderance of the evidence.

A case which goes further to support the contention of counsel for appellant than any cited by them is Peaslee v. Glass, 61 Ill. 94, wherein the court said:

"It belongs to the plaintiff to make out a case. The burden of proof is upon him, and when the issue rests upon the sworn affirmation of one party and the sworn denial of the other, both having the same means of information and both unimpeached, and testifying to a state of facts equally probable, a conscientious jury can only say that the plaintiff has failed to establish his claim. Without saying that this court would set aside a verdict for the plaintiff, rendered in such cases, on the ground alone that it was not sustained by the evidence, we must set aside one resting only upon the evidence of the plaintiff when that is contradicted not only by the defendant, but also by another witness, and there are no elements of probability to turn the scale."

But the effect of all these decisions is merely that where there is the plaintiff only affirming under oath— and the defendant is denying under oath—the existence of the necessary fact, and the latter is corroborated by another witness, or other witnesses, who are credible, then, as a matter of fact, there can not be said to be a preponderance of the evidence in support of the plaintiff's affirmation. And if in the case here it could be said that

the testimony of the three witnesses squarely contra-
dicted the testimony of the appellee in its material parts,
and that the testimony of each of these three witnesses
was entitled to as much credibility as the testimony of ap-
pellee, then it would certainly follow that the verdict based
upon appellee's testimony alone was manifestly against the
weight of the evidence.

But, after a careful examination of all the evidence, we
are not prepared to hold that this case comes within the
class of cases above cited. The testimony of appellee is
consistent; she is not impeached; and we see no reason,
appearing from her testimony, for discrediting her account
of the occurrence in question. On the contrary, we do not
regard the testimony given by the witnesses for appellant
as entitled to like weight. The conductor testified that he
was watching a young lady alight from the car, and that
"the only thing I saw the old lady (appellee) do between
the time I gave the signal to go ahead, two bells, and the
time I gave the signal to stop, one bell, was, she went off
onto the ground on the left, south side, of the car. The
first move I saw her make after I gave the signal to start
was just to turn around; and when she turned in that man-
ner I rang the bell to stop." All of which is consistent
with the account given by appellee, if the conductor at the
moment of signaling the car to go ahead was watching
the passenger who was departing and did not see appellee,
who was attempting to alight. He also stated, "While
the young lady was getting off, and while I was standing
there, and after I had given the signal to go ahead again,
the old lady set perfectly still, so far as I could see." But
that he looked into his car, and hence could see what appel-
lee was doing at the moment when he started his car
forward, is not disclosed. He also testified:

"After the first woman got off the car it was a couple or
three seconds before I started the car. I turned right
around and I saw she was off, and then I turned around
and saw that the old lady was sitting there, just the
same as I am sitting here. I turned around again, and
then started the car and never took my fingers off the bell

rope; then the old lady reeled right around and off she went on all fours. I did not see her stand up in the body of the car. I did not see her walk to the step. I did not see her get out onto the step. The only thing I saw about her is that I saw her go out all at once; then I rang the bell to stop."

From which it would appear that at the precise time when the conductor signaled his motorman to start the car, he had again "turned around" and was not looking forward into his car to note if other passengers were attempting to alight. The car was an open one, from which passengers might alight at the sides. The version given by the conductor is not so inconsistent with appellee's version—viz., that she was attempting to leave the car while it was standing, and while so doing the car started up—that we can say that the one clearly contradicts the other.

The jury might properly have disregarded the testimony of the two girls. One of them testified that she saw a lady fall, but could not state "whether she fell in the car or out of it." The other testified that in response to a question if she was hurt, appellee stated that "she didn't think that she was hurt;" in which respect she is contradicted by the conductor, who testified that appellee said "she thought her wrist was hurt a little." The two girls were upon the sidewalk and saw from there whatever they witnessed of the occurrence. Neither is clear as to the precise manner in which appellee fell. One of them stated that she did not know how appellee fell. The other stated that, when appellee stood up the conductor rang the bell to stop. The conductor testified that he did not see appellee stand up at all. Altogether the testimony of the three witnesses for the appellant is so uncertain, and in some respects so conflicting, that we can not say that it overcomes in weight the testimony of appellee. We hold that the judgment should not be disturbed upon the ground that the verdict is manifestly against the weight of the evidence. Nor do we regard the verdict as excessive in amount. If the testimony of appellee, and that of the physician called as a witness in her behalf, is to be credited, the injury is permanent and

will always seriously interfere with the use of appellee's arm in any kind of work.

The only errors in procedure assigned and argued by counsel here, are two, viz. : that the court erred in making an improper comment in the hearing of the jury, and that the court erred in permitting certain questions in cross-examination of appellant's witnesses.

As to the first, it is enough to say that no exception was preserved to the remark of the court.   We are not disposed to regard the remark in the connection in which it was made as being improper or likely to prejudice the appellant. But the fact that no exception was taken disposes of any other consideration of the matter.

As to the second, counsel for appellant complains that the trial court, over his objection, permitted a witness for appellant to be questioned upon cross-examination as to conversation had before the trial with the attorney for appellant.   We agree with counsel that the mere fact that attorneys at law, in preparing their cases for trial, have talked with a witness, should not be presented to the jury as ground for discrediting such witness, for it is the duty of the attorney, in preparing his case for trial, to learn from witnesses what testimony they can give, in order to enable the attorney to conduct the trial on his part with expedition.   To endeavor to learn from a witness, for the first time, on the witness stand, whether such witness knows anything of the facts at issue, would involve a needless waste of the time of the court.   Nevertheless, the substance of conversation had before the trial, between the witness and the attorney, or others, in relation to the testimony to be given, might be proper subject of inquiry and within the field of legitimate cross-examination.   We think that there was no error in permitting the question to be answered.   No other question is raised as to the procedure.

The judgment is affirmed.