## Eugene S. Batchelor v. The Union Stock Yard and Transit Co.

1.  WITNESSES—*Where Their Opinions Should Not Be Received.*—The opinions of witnesses are not to be received as evidence where all the facts on which such opinions are founded can be ascertained and made intelligible to the court or jury.

2.  INSTRUCTIONS—*Omitting the Element of Plaintiff's Appreciation of the Danger to Which He Was Exposed.*—An instruction which omits the element of plaintiff's appreciation of the hazard or danger to which he was exposed is erroneous, as there is a distinction between knowledge of defects and knowledge of the risks resulting from such defects.  The servant is not chargeable with contributory negligence if he knows that defects exist, but does not know or can not know by the exercise of ordinary care, that risks exist.

3.  SAME—*Telling the Jury that Plaintiff Must Prove All the Material Allegations of the Declaration Without Pointing Them Out.*—An instruction which tells the jury that before the plaintiff can recover he must prove by a preponderance of the evidence all the material allega-

tions of his declaration, but does not point out what such material allegations are, is erroneous, as requiring the jury to find that each and all of the allegations of injuries were proved, whereas, in cases for personal injuries after proof of ordinary care by the plaintiff and negligence of the defendant, resulting in injury, the proof of a single injury and damage resulting from it is sufficient to justify a recovery.

**Action in Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the October term, 1899. Reversed and remanded. Opinion filed April 9, 1900.

ALLEN B. CHILCOAT and W. P. BLACK, attorneys for appellant.

WINSTON & MEAGHER, attorneys for appellee; FREDERICK R. BABCOCK, of counsel.

MR. JUSTICE WINDES delivered the opinion of the court.

Appellant, a switchman in the employ of the Chicago & Erie Railroad Company, was injured August 31, 1897, while aiding in switching a train of freight cars upon the railroad tracks of appellee, which were being used by the railroad company by consent of appellee. The negligence charged was in permitting a switch or switchstand located upon and along appellee's railroad tracks to be and remain so close to the railroad tracks as to greatly and unnecessarily endanger the lives and safety of employes rightfully using the line of railroad.

Upon a trial before the court and a jury a verdict was rendered and judgment thereon in favor of appellee for costs of suit, from which this appeal is taken.

The evidence shows that appellant, while in the discharge of his duties as a switchman and while getting upon a moving train of freight cars, which was being switched upon tracks of appellee, was struck and injured by a switchstand which was located at about three feet and seven inches from the railroad track, and which left a space between the stand and a refrigerator car in the train which appellant was in the act of getting upon, of about fifteen inches.

The evidence of appellant tended to show that while he

was familiar with the tracks, switches and switchstands generally in the locality, he had never used this particular switch before, and had never had his attention attracted to it before he was struck by it, and he did not see it until he was struck by it. This evidence is corroborated by one witness; also that the distance between the tracks at this point was about fifteen feet. Appellant also offered to prove by the witness Hampton the distance between different switchstands and the railroad tracks, and to prove that switchstands were placed at different distances from the tracks, but the court refused to allow him to make such proof.

On the part of appellee the evidence tends to show that appellant was entirely familiar with the particular switch or switchstand by which he was injured, and that the distance of this switchstand from the railroad track was the usual and customary distance from the tracks of placing such switchstands on the railroads of the Chicago & Erie and other roads; also that the rod which connected the switch to the stand was the standard connecting rod used with such switches; that in large yards it would be impossible to have rods of different lengths; that such rods are made of one length, so that if one rod is broken another can be immediately substituted; also that the length of the connecting rod of such switches varies according as the distance between the tracks varies; also that while a switch stand was located as was the one in question, it was reasonably safe for the switchman to perform his duties, provided he used ordinary care.

On rebuttal appellant offered to read in evidence the deposition of one Trueman, which had been taken on behalf of appellee and filed in the case, though not used on the trial by appellee, but the court excluded certain portions of this deposition in which the witness testified in substance, that in ordinary railroad construction in freight switching yards the tracks from center to center varied on different roads, and that whether the distance between the tracks is twelve feet from center to center, or greater, the usual

practice was to put the switchstand in the center between the two tracks; also that the length of the rod from the switch to the switchstand was usually made four feet long, which would make the distance between the switchstand and the railroad track from four feet five inches to four feet nine inches.

We are of opinion that the rejection of the testimony of this witness was error. It certainly tended to rebut the evidence on behalf of the appellee, both as to the usual length of the connecting rod of such switchstands as the one in question, and as to the usual and ordinary construction of such stands as to the distance between them and the railroad track.

It is argued by appellee that this evidence was not rebuttal, but if competent at all, was part of appellant's original case. Even if that contention is tenable, evidence of this character offered by the plaintiff in his original case, was excluded by the court, and we think it but just, the court having excluded such evidence when offered by the plaintiff, when similar evidence was offered by the defendant and admitted by the court, to allow the plaintiff to meet it.

A physician called on behalf of appellant, who qualified as an expert, gave it as his opinion that the then present condition of the plaintiff as found by the witness upon a recent examination, might produce pressure upon his nerves, though the witness said he had no way of knowing this positively except by the plaintiff's testimony. The testimony in this regard was, on motion of appellee's counsel, stricken out by the court. We think this was error. The jury should have had the benefit of the opinion of the physician as to the probable future effect of plaintiff's injury in the respect mentioned.

One Hotchkiss, who testified that he was a civil engineer and familiar with the duties of switchmen, was on behalf of appellee allowed to testify and give his opinion that a switchman, using ordinary care for his own safety, could perform his duties as a switchman in safety where the switch was placed with reference to the track as was the

one in question. This testimony was allowed against the objection of appellant, and an exception preserved to the ruling of the court by appellant's counsel. This was one of the important issues of the trial, and a question to be determined by the jury, as to which the facts were before the jury, and whether or not the plaintiff could have performed his duties under the circumstances, could have been determined as well by the jury as by this witness.

" The opinions of witnesses should not be received as evidence where all the facts on which such opinions are founded can be ascertained and made intelligible to the jury." City of Chicago v. McGiven, 78 Ill. 349.

To like effect is R. R. Co. v. People, 143 Ill. 449, where the question was as to whether a particular train was a regular passenger train. The trial judge refused to allow a witness to answer that the train in question was a regular passenger train, and its ruling was sustained.

The court say :

" The opinions of witnesses should not be asked in such a way as to cover the very question to be found by the jury or court."

The ninth and tenth instructions asked on behalf of appellant were refused by the court, which, in our opinion, was error. They are not covered by any other instructions and when taken together they, in substance, submit to the jury the question of negligence on the part of appellee under the evidence, and the care of appellant, and direct the jury to consider the exigencies of appellant, at the time and place in question, and all the circumstances of the occasion so far as they are shown by the evidence, and to determine these questions in the light of all the facts and circumstances proved in the case. It is claimed on behalf of appellee that these instructions were not proper in that they omit the element of knowledge of appellant as to his surroundings at the time and place in question. We think that the matter of appellant's knowledge in this respect is included in the phrase, " all the facts and circumstances proved in the case."

Among other instructions given for the appellee is the ·following:

" The court instructs the jury that if they believe from ·the evidence the plaintiff knew, or might by the exercise of .ordinary care have known, the location of the switchstand in question with reference to the car which he was on, that · the plaintiff can not recover and your verdict should be for the defendant."

This instruction is, in our opinion, erroneous, in that it omits the element of appellant's appreciation of the hazard or danger to which he was exposed. It is not enough that the employe may know, or might have known, by the exercise of ordinary care, of the location of the switchstand with reference to the car that he was getting upon, but he should have had knowledge of the risk or danger to which he was exposed by reason of the location of the switchstand with reference to the track. As said in Illinois Steel Co. v. Schymanowski, 162 Ill. 459:

" There is a distinction between knowledge of defects and knowledge of the risks resulting from such defects. The servant is not chargeable with contributory negligence if he knows that defects exist, but does not know or can not know, by the exercise of ordinary prudence, that risks exist." (Citing cases.)

In the Haenni case, 146 Ill. 614, cited, the court say: ·" Not only the defects but the dangers must be known to him." To like effect are Union Show Case Co. v. Blindauer, 175 Ill. 327; Offut v. Columbian Expn., Id. 479; and R. R. Co. v. Knapp, 176 Ill. 129.

The same error, in substance, appears in several other instructions given on behalf of appellee, notably the sixth, seventh, twenty-sixth, thirty-first and thirty-fourth.

The twenty-third instruction for appellee tells the jury, in substance, that before the appellant could recover, he must prove by a preponderance of the evidence all the material allegations of the declaration, but does not point out to the jury what such material allegations are. The declaration contains, besides the allegations of negligence on behalf of appellee and care of appellant, numerous specific allega-

tions as to different injuries to appellant. Under this instruction the jury were required to find that each and all the allegations of injuries were proven, whereas it is elementary in this class of cases, that after proof of ordinary care by the plaintiff and negligence of the defendant resulting in injury, the proof of a single injury and damage resulting therefrom is sufficient to justify a recovery.

The thirtieth instruction for appellee is as follows:

" The jury are instructed that if you believe from the evidence that the duties of switchman are dangerous by reason of the nearness of switchstands in and about the yards where they are employed, to the sides of passing cars, still said dangerous employment, if you believe it to be dangerous, only imposes upon switchmen the duty of using a higher degree of care."

We think it should not have been given, for the reason that it is calculated, in our opinion, to mislead the jury in that it does not make any reference whatever to the matter of negligence of the defendant, and was calculated to give undue prominence to the dangerous employment of switchmen generally, without any reference whatever to the facts of the case on trial.

The instructions given for appellee are thirty-eight in number, covering fourteen pages of the abstract. Many of them are but repetitions in different language and varying form of previous instructions, and taken as a whole they are for this reason subject to criticism, and are calculated to confuse the jury instead of to enlighten it.

The sufficiency of the evidence as matter of law to sustain a recovery by appellant, has not been argued. We think, however, the case was properly submitted to the jury, and that it was important, in view of the conflict in the evidence, that the jury should have been accurately instructed.

For the errors indicated, the judgment is reversed and the cause remanded for another trial.