## L. W. Johnston v. Anton Sochurek.

1. WITNESSES—*Swearing to One Thing Under One Oath and to Another Thing Under Another Oath.*—A witness who under one oath knowingly affirms a proposition, and under another oath knowingly negates the same proposition, is not to be credited in either instance. The one statement neutralizes the other; and in a court of justice his evidence is entitled to no weight unless corroborated.

2. VERDICTS—*Palpably and Manifestly Against the Weight of the Evidence.*—Where the verdict is palpably and manifestly against the weight of the evidence, it is the duty of the trial judge to set it aside and to grant a new trial.

**Mechanic's Lien.**—Appeal from the Circuit Court of Cook County; the Hon. JOSEPH P. ROBARTS, Judge presiding. Heard in this court at the March term, 1902. Reversed and remanded. Opinion filed December 11, 1902.

Appellee sued appellant as owner, and the contractor and the subcontractor jointly, under the mechanics' lien act, in a justice court. He there obtained a judgment against appellant only. The latter perfected an appeal to the Circuit Court, where the case was called for trial before Judge Hanecy. During the trial it was discovered that neither the contractor nor the subcontractor had been

summoned. Thereupon the cause was continued for service. After they were brought into the case appellee filed a bill of particulars, in which he set up his claim as a mechanic's lien, and also as a personal claim against appellant as owner, based upon an original promise to pay.

The case was then called for trial before Judge Robarts. Thereupon appellee dismissed as to the contractor and subcontractor, and the cause proceeded against appellant upon the alleged promise.

Appellee was the only witness called upon his side of the case. He swore that he had the contract to furnish the cut stone for a building being erected for appellant; that he delivered part of the cut stone, and in the latter part of June, 1896, he asked appellant if he would see him paid for the whole of the cut stone if he, appellee, would furnish the remainder thereof; that appellant promised he would pay him; that afterward he completed his contract, but had never been paid any part of the sum so due him; that in August, 1896, he went with a clerk to the office of appellant and there saw the clerk serve a lien notice on appellant. On cross-examination he was not able to state the time of day, the day of the week or of the month when this interview took place.

In defense appellant swore that he paid the full contract price for the building; that no such conversation as detailed by appellee ever took place between them; that he had never talked with appellee; that he never saw appellee until the time of the trial before the justice; and at the trial before Judge Hanecy appellee, called as a witness, testified that he, appellee, had never seen appellant until the time the lien notice was served, and that he had never talked with appellant about this account. Mr. J. H. Hooper, attorney for appellant, who was present at the trial before Judge Hanecy, fully corroborates appellant as to what appellee there testified.

The jury returned a verdict in favor of appellee. This appeal is prosecuted from the judgment entered upon that verdict.

JAMES HARVEY HOOPER, attorney for appellant.

FANNING & HERDLICKA, attorneys for appellee.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

The testimony of appellee made a *prima facie* case in his favor. But he is directly contradicted by appellant in every important particular. Two witnesses also testify, that in a former trial of this case appellee swore that he had never seen appellant until in August of 1896, when a lien notice was served upon the latter, and that he had never had any conversation with appellant concerning this account. Appellee did not see fit to deny this evidence. He therefore must be held to admit that he so swore upon such former trial.

Here is more than a mere contradiction. He who under one oath knowingly affirms a proposition, and under another oath knowingly negates the same proposition, is not to be credited in either instance. The one statement neutralizes the other; and in a court of justice his evidence is entitled to no weight unless corroborated.

The plaintiff must make out his case by a preponderance of the evidence. Where the verdict is palpably and manifestly against the weight of the evidence, it is the duty of the trial judge to set it aside and to grant a new trial. If he fail to do so, that duty, upon appeal, devolves upon us. The verdict in this case is clearly against the weight of the evidence, and must be set aside. The authorities upon this subject are collected by Justice Windes in West Chi. St. R. Co. v. Lieserowitz, 99 Ill. App. 591, 595.

The judgment of the Circuit Court is reversed and the cause is remanded.