# HENRY L. PEASLEE

*v.*

# HENRY GLASS.

EVIDENCE—*weight of—new trial.* Although a judgment might not be reversed where the verdict is based upon the evidence of a plaintiff contradicted by the defendant, and neither supported by other testimony, yet the court will reverse when the verdict rests alone on the testimony of the plaintiff and he is positively contradicted by the defendant who is corroborated by an unimpeached witness. Such a verdict can not be sustained. To sustain his verdict the plaintiff must have made out his case by proof.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. IRA W. BUELL, for the appellant.

Mr. FRANCIS A. HOFFMAN, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action brought by Glass against Peaslee for injury done to the former, in his business as a barber, by unnecessarily turning off the water from the premises occupied by him. It appears Glass rented a basement room in a building belonging to Loomis, as a barber shop. Loomis went to Europe, leaving Peaslee as his general agent. There was, however, a janitor who had especial charge of the building, and had had for several years, and it is insisted that the water, whether rightfully or wrongfully turned off, was turned off by him under the general directions of Loomis previously given to him, and not by the directions of Peaslee.

The only evidence to charge Peaslee is that of the plaintiff, who swears that, in a conversation in which he was complaining to Peaslee, the latter admitted the water had been turned off by his direction. We say the only evidence, because the

young man in the employ of Glass, who testifies to a conversation had by him with Peaslee, testifies both that Peaslee did and did not admit this, and no weight can be attached to his testimony on this point.

On the other hand, Peaslee swears that he never gave any directions to have the water turned off, and the janitor testifies he never received any such directions from Peaslee, but acted under directions received from Loomis in former years, the pipes having burst and given trouble in former winters.

We are obliged to say this verdict is plainly against the weight of the evidence. There are very few cases in which a jury should find a verdict for the plaintiff upon his unsupported testimony alone, when that testimony is positively contradicted by the defendant. It belongs to the plaintiff to make out a case. The burden of proof is upon him, and where the issue rests upon the sworn affirmation of one party and the sworn denial of the other, both having the same means of information and both unimpeached, and testifying to a state of facts equally probable, a conscientious jury can only say that the plaintiff has failed to establish his claim. Without saying that this court would set aside a verdict for the plaintiff, rendered in such cases, on the ground alone that it was not sustained by the evidence, we must set aside one resting only upon the evidence of the plaintiff when that is contradicted not only by the defendant but also by another witness, and there are no elements of probability to turn the scale. Such is the present case.

It is not denied that the defendant, after the water was turned off, refused to interfere and cause it to be turned on again. For that, however, he can not be made personally responsible. If this act of omission worked a wrong to the plaintiff, Loomis, the principal, must answer for the consequences. This is admitted by appellee's counsel.

The case must be sent to another jury.

*Judgment reversed.*