## Olaf Peter Nielsen
### v.
## United States Rolling Stock Company.

*Sales—Balance due—Recovery of—Failure to Credit.*

In an action brought to recover a balance claimed to be due for goods sold and delivered, the defendant having produced receipts showing payment for two of the items of plaintiff's account, it is *held:* That in the absence of any evidence in explanation of the giving of such receipts, the plaintiff was not entitled to judgment for such items.

[Opinion filed November 11, 1890.]

In error to the Circuit Court of Cook County; the Hon. Frank Baker, Judge, presiding.

Messrs. Blanke & Chytraus, for plaintiff in error.

Messrs. E. C. Ferguson & Goodnow, for defendant in error.

Waterman, J. This was an action of assumpsit. The United States Rolling Stock Company sued for goods sold and delivered, and gave in evidence an account showing a balance due the company of $428.61. Plaintiff's attorney testified that Nielsen had admitted this to be correct, and promised to pay the same.

In this account, under date of January 31st is the item, "To our bill $206.82," and under date of February 28th is the item "To our bill $201.98."

Nielsen testified, denying that he had ever admitted the correctness of the account or promised to pay it, saying he told plaintiff's attorney that there was some mistake, and he would look over his receipts and go and see him. Nielsen also produced a bill made by the Rolling Stock Company, containing two items: One for coal January 26th, and one for coal January 14th, amounting to $206.82; and another bill by the company containing three items under date of March 2d, amounting to $201.98.

Each of these bills were marked "Paid April 8, 1887. P. Shepherd, cashier."

Nielsen testified that he paid these bills to the company. It was admitted that April 8th Mr. Shepherd was the cashier of the company, and his signature was not disputed.

In the credits given by the company to Nielson as stated upon the account presented to Nielson and that produced in court, no credit for either of these amounts appear, nor are there credits from which it can reasonably be made to appear that such payments are included in other items. There then was very strong evidence that Nielson had paid the company $408.70, for which he had received no credit.

It seems to us that this evidence required the company to explain the receipts it had given, or show why Nielson should not be allowed credit for these payments of $206.82 and $201.98, and that in the absence of such evidence Nielson must be credited in the account with these payments. This we think it entirely fails to do, and in the absence of such explanation appearing in the record, this judgment must be reversed and the cause remanded. Paslee v. Glass, 61 Ill. 94.

*Reversed and remanded.*