## West Chicago Street Railroad Company v. Ann M. Dean.

### Gen. No. 10,875.

1. PREPONDERANCE OF EVIDENCE—*when verdict not necessarily against the.* Notwithstanding a verdict may rest largely upon the unsupported testimony of the plaintiff denied by two other witnesses, yet such verdict cannot be said to be against the preponderance of the evidence, where the story of the plaintiff is sustained by the probabilities as testified to by all of the witnesses, and the witnesses of the defendants, in some respects, have contradicted each other.

2. VERDICT—*when, excessive.* A verdict for $3,000 is excessive where the plaintiff, a woman, suffered a fracture of the fibula, which has completely healed, and some lameness (not of a permanent nature) in the left arm and side caused by a muscular strain, notwithstanding her recovery may have been slow and she was for a considerable time incapacitated from the performance of her usual duties.

Action for personal injuries. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed with remittitur. Opinion filed January 19, 1904.

JOHN A. ROSE and LOUIS BOISOT, for appellant; W. W. GURLEY, of counsel.

EDWARD RYAN WOODLE and CODY, EATON & McCONAHEY, for appellee; EDWARD RYAN WOODLE, of counsel.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is a suit to recover for personal injuries, said to have been inflicted upon appellee through negligence of the servants of appellant.

Appellee's version is that she had been waiting at the southeast corner of Dearborn and Madison streets, Chicago, for one of appellant's cars; that when the train came along and stopped at the crossing, she attempted to board it and that just as she was stepping on, the bell rang and the car started, throwing her to the ground. On the other hand it is stated by witnesses for appellant, that appellee tried to get on the car after the train had started; that while

doing so she dropped one of her bundles and in trying to catch it she slipped and fell.

It is urged in behalf of appellant that the evidence does not sustain the verdict and judgment. Appellee's case rests upon her testimony and she is contradicted upon the material point at issue by two witnesses introduced in behalf of appellant. Her statement is that she started to get on the front of the last car, but seeing it to be an Ogden avenue trailer she went to the rear end of the car next in front, and stepped on that, and when she had one foot and one hand on the car the bell rang and the train started with a jerk. She says she was not thrown to the ground, but trailed along. Appellant's evidence tends to show that the train was stopped after going about a car's length. The conductor of the middle car (the rear platform of which appellee says she undertook to board), who has not been in appellant's employment for about six years, states that it was after the car had started that appellee " came and tried to get on the front of the rear car;" that she had a couple of bundles in her arms, one of which she dropped and tried to pick up, but lost her hold on the car rail and slipped; that he thereupon stopped the train, and that a passenger got off the car and helped appellee on. This passenger states that " the car was just moving along " when appellee stepped on; that he caught hold of her and partly held her with the conductor's aid and that she had tried to get on to the front platform of the rear car.

It is plain from this testimony that the evidence is hopelessly conflicting as to whether appellee attempted to get on a moving car or whether the car was negligently started while she was in the act of stepping on the platform. It is insisted in behalf of appellant that appellee has failed to establish her claim, since her unsupported statement is denied by two of appellant's witnesses. It was said by Mr. Justice Lawrence in Peasly v. Glass, 61 Ill. 94, 95, that " there are very few cases in which a jury should find a verdict for the plaintiff upon his unsupported testimony alone, when that testimony is positively contradicted by the defendant. It belongs to the plaintiff to make out his case.

The burden of proof is upon him, and where the issue rests upon the sworn affirmation of one party and the sworn denial of the other, both having the same means of information and both unimpeached and testifying to a state of facts equally probable, a conscientious jury can only say that the plaintiff has failed to establish his claim." In a case like that at bar, upon the one side is the interest of appellee, which ought to subject her testimony to very close scrutiny when it is sought to sustain a judgment in her favor resting upon her unsupported evidence. On the other hand the statement of appellee is not at all improbable in view of the situation as testified to by appellant's witnesses, who differ somewhat in their recollection of how the accident occurred. On the whole, we are inclined to regard appellee's testimony in this respect as entitled to the greater weight and it has often been said that the court and jury who saw and heard the witnesses have better opportunities than a reviewing court of estimating its value. The evidence justifies the finding in favor of appellee.

It is urged, however, that the damages are excessive, and in this contention we are obliged to concur. Appellee suffered a fracture of the fibula, the small bone of the lower leg. The fracture was above the ankle, and the evidence leaves no doubt but that the bone has completely healed and is as strong at that point as before the injury. Appellee's attending physician found no other external evidence of injury. There was, judging from subjective symptoms, some lameness in the left arm and side apparently caused by a muscular strain, but in the opinion of the medical witnesses she suffered no injury of a permanent character. Her recovery was somewhat slow, and she was for some considerable time laid aside from her regular and usual duties. Under this state of facts a judgment for $3,000 is improperly large. But finding no other material error in the record, the judgment will be affirmed for the remainder, if within ten days appellee shall remit $1,000. Otherwise the judgment will be reversed and the cause remanded.

*Affirmed with remittitur.*

Remittitur filed and judgment affirmed January 22, 1904.