## Chicago City Railway Company v. Robert Grossheim.

### Gen. No. 13,803.

1. VERDICTS—*power of Appellate Court to review, rendered in Municipal Court.* The several statutory provisions pertaining to the review of the judgments of the Municipal Court do not affect or take away the power of the Appellate Court to review the sufficiency of the evidence to sustain a verdict and to set aside a verdict manifestly contrary to the weight of the evidence. The duty of the Appellate Court with respect to verdicts rendered in the Municipal Court is the same as in cases where the verdicts are rendered in either the Circuit or Superior Court.

2. APPEALS AND ERRORS—*what essential to reversal of judgment of Municipal Court.* Except in cases where the Appellate Court determines that a verdict rendered is manifestly against the weight of the evidence, a reversal will not be awarded of a judgment rendered in the Municipal Court unless the Appellate Court is "satisfied" that the judgment in question did result from the particular error or errors complained of.

Action in case for personal injuries. Error to the Municipal Court of Chicago; the Hon. ARNOLD HEAP, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed April 30, 1908.

Statement by the Court. This is a writ of error to the Municipal Court to reverse a judgment of that court

rendered against the Chicago City Railway Company in favor of one Robert Grossheim on the verdict of a jury. The action was for a personal injury, and was tried before a jury. The *præcipe* and bill of particulars filed claimed $1,000 for a tort; that is, "for injuries to the plaintiff's person received about January 1, 1907, while about to enter defendant's street car in Archer avenue near Armour avenue, caused by the sudden starting of the car through defendant's negligence." The verdict of the jury and the judgment rendered thereon were for $500. A motion for a new trial was denied before the entry of judgment.

The certificate of the trial judge was obtained, as provided for by the Municipal Court Act, to a stenographic report of the proceedings, which states that the document to which it is attached is a correct statement of the facts appearing on the trial of the cause, and of all questions of law involved in the cause, and of the decisions of the court on said questions of law, and that it is a complete and correct stenographic report of the proceedings upon said trial.

In this court the defendant assigns as error that the court below erred in making certain remarks in the presence of the jury, in excluding from the jury an exhibit offered by defendant in evidence, "in each and every instance in refusing to instruct the jury as requested by the defendant," and "in each and every instance in instructing the jury in the manner objected to by defendant."

Also it is insisted that the plaintiff's counsel improperly argued the case to the jury, that verdict and judgment were contrary to the law and the evidence, and "resulted from substantial errors of the court directly affecting the matters at issue between the parties," and that a new trial should have been granted.

Sheriff, Dent, Dobyns and Freeman, for plaintiff in error.

WENDELL HUSTON, for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

The Municipal Court Act, in providing for the review of cases decided in that tribunal which belong to the classes known to that act as the "Fourth" and "Fifth" (of which the one at bar is an example), provides for a statement or stenographic report of the proceedings in the Municipal Court, to be signed by the trial judge, and then enacts that "no order or judgment so sought to be reviewed shall be reversed unless the Supreme Court or Appellate Court, as the case may be, shall be satisfied from said statement or stenographic report, signed by said judge": First, "that such order or judgment is contrary to the law and the evidence"; or, second, "that such order or judgment resulted from substantial errors of said Municipal Court directly affecting the matters at issue between the parties."

It also provides, in the following section, that "It shall be the duty of the Supreme Court or the Appellate Court, as the case may be, to decide such case upon its merits, as they may appear from such statement or stenographic report, signed by the judge."

It is very apparent that this act does not take away from the Appellate Court, in cases coming from the Municipal Court, any right, nor relieve it from any duty, to weigh the evidence which it possessed or which was imposed on it by law, in cases coming from the Circuit or Superior Courts. Nor, although the duty of passing on the merits is somewhat accented, is it in reality *increased* over what it has always been in cases coming before this court for review.

If the verdict and judgment be, in our opinion, clearly and manifestly against the weight of the evidence, we are bound to interfere, and at least to correct the error which in such case inhered in the denial of a new trial. On the other hand, no mere conflict

of evidence nor opinion concerning the credibility of contradictory witnesses, nor feeling that as jurymen we might or even probably should have come to a different conclusion, is sufficient to warrant our setting aside a verdict and judgment as "against the evidence."

But although in this important part of our reviewing work it is plain that our duties are the same in cases coming from the Municipal Court as in those coming from other courts of record, it is equally plain that in considering other assignments of error we are to be governed by a different rule.

In the review of cases from the Circuit Court, for example, our attention is directed to some "substantial error" in instructions or in rulings on evidence, or in the making or permitting of improper remarks in the presence of the jury. If, in our opinion, this error may, in reasonable probability, have influenced or determined the verdict below and the judgment based on it, it becomes our duty to reverse and remand the cause.

But the Municipal Court Act expressly enacts that in such a case we shall not reverse the judgment unless we are "satisfied" that the judgment *did* result from such error.

The distinction is marked and very important. In this case at bar we think that in following this rule set for our action, the alleged errors other than the denial of a new trial, on the ground that the verdict was against the weight of the evidence, may be quickly dismissed.

The trial judge instructed the jury orally, as it was provided in the Municipal Court Act he might. An examination of the instructions, connected as they are in a series and a logical sequence, has shown us that they are a careful, complete and impartial statement of the essential principles of law governing the case, and that they doubtless directed the attention of the jury to those particular issues of fact which were

properly controlling, and which were those that both sides of the controversy agreed were controlling.

The jury, by these instructions, were called upon to decide whether the plaintiff was in the exercise of due care when trying to board the car, and were told that if he was not, he could not recover. They were told that if he attempted to board the car at a place not a usual stopping place, and had not proved that by some action of the defendant's agents he had been invited to do so, he could not recover. They were told that if the plaintiff was, by reason of intoxication, unable to take the ordinary care of himself that would be required of a sober person, and that this intoxication and want of care contributed to the injury, he could not recover, although the motorman was guilty of negligence in operating the car, and though the motorman was more to blame for the accident than the plaintiff.

On the question of the burden of proof and the preponderance of evidence they were not incorrectly instructed, although we should have preferred language still more guarded concerning the slight preponderance of proof sufficient to require a verdict for the plaintiff. But we are very far from being "satisfied" that any language of the court or of counsel which could be criticised, "resulted" in a verdict different from that which would otherwise have been rendered. The verdict was rendered because the jury believed the account of the accident which was given by the plaintiff and his witnesses, as against the testimony of other witnesses who contradicted them.

It is argued that the smallness of the verdict, in proportion to the injuries suffered, shows that the jury were not in truth persuaded of the justice of plaintiff's claim. We do not think we are at liberty so to conclude; but we can infer from the amount of the verdict that it was not the result of passion or of prejudice.

We have examined the evidence carefully; it would

serve no useful purpose for us to rehearse it here. It was conflicting, and on each side would have been unconvincing to many minds. But it does not so clearly and manifestly preponderate in favor of the defendant that on this ground we feel that we should overrule the decision of the jury and of the trial judge by holding that a new trial should have been awarded.

The judgment of the Municipal Court is affirmed.

*Affirmed.*