David W. Gillespie, Defendant in Error, v. The Aurora, Elgin & Chicago Railroad Company, Plaintiff in Error.

## Gen. No. 15,207.

CONTRIBUTORY NEGLIGENCE—*crossing railroad tracks. Held,* under the evidence in this case, that the plaintiff in seeking to cross the railroad tracks in question was guilty of such contributory negligence as barred his right to recover.

Action in case for personal injuries. Error to the Municipal Court of Chicago; the Hon. ISIDORE H. HIMES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Reversed, but not remanded. Opinion filed October 21, 1910.

HOPKINS, PEFFERS & HOPKINS, for plaintiff in error.

COBURN & CASE, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

David W. Gillespie brought an action in the Municipal Court of Chicago against The Aurora, Elgin & Chicago Railroad Company, defendant, plaintiff in error, to recover damages alleged to have been sustained by him through the negligence of the defendant. The trial resulted in a judgment against the defendant for $485 to reverse which this writ of error is prosecuted.

One of the grounds urged for a reversal of the judgment is that the defendant in error was not in the exercise of ordinary care for his own safety before and at the time of his injury.

The evidence shows that the defendant in error was injured at the intersection of Bellwood avenue in the village of Bellwood, with the tracks of the plaintiff in error, on January 9, 1908, about 3:30 in the afternoon. Bellwood avenue runs north and south, and the tracks of the railroad run east and west. About eighty feet north of the tracks of plaintiff in error, and parallel with them are the tracks of the Chicago

& Great Western Railroad in the village of Bellwood. Two tracks of the Chicago and Great Western Railroad cross Bellwood avenue, and two switch tracks, lying south of the main tracks, come up to the east line of Bellwood avenue, but do not cross it. Plaintiff in error's road is a double track road, the west bound trains using the north track, and the east bound trains the south track. The tracks east of Bellwood avenue are straight for a distance of nearly two miles. Defendant in error testified he had driven over the Bellwood avenue crossing one hundred times.

On the day in question defendant in error was driving a single wagon loaded with about 1,500 pounds of coal south on Bellwood avenue over the crossing and was struck by one of the trains of plaintiff in error going west on the north track. His wagon was overturned and defendant in error was thrown to the ground. As he approached the tracks of the Great Western Railroad, a milk train was approaching the crossing from the east. The witness, Hoving, hearing the whistle and seeing the train shouted to Gillespie to stop, he could not make the crossing. Gillespie, however, continued to drive forward and the train just missed him. The witness, Moulton, who testified for defendant in error, was in a nearby saloon and saw Gillespie as he passed it toward the crossing. Moulton saw the milk train approaching, and fearing that Gillespie was in danger ran out in front of the saloon, but the milk train was passing between Gillespie and the witness and the witness did not see Gillespie at first. After the train passed the witness saw him between the tracks, but did not see the train strike him. Several witnesses for plaintiff in error testified that the crossing whistle was sounded from 1,200 to 1,500 feet east of the crossing and a warning whistle was sounded as the train approached the crossing and the emergency brakes were applied. The evidence shows that there was nothing to obstruct the view of defendant in error to the east down the tracks for a distance of half a mile or more. Defendant in error admitted that the seat of his wagon upon which he was sitting was six feet from the ground and stated in his evidence that when he saw the train ap-

Gillespie v. The A. E. & C. Ry. Co., 157 Ill. App. 347.

proaching he urged his horse forward to the utmost. In this he is corroborated by the witness Roberts, a passenger on the front car of the train, who testified that defendant in error was urging his horse on trying to beat the train.

Upon a review of all the evidence we are clearly of the opinion that defendant in error, immediately prior to and at the time of the accident was not in the exercise of ordinary care for his own safety, and that his failure to exercise such care contributed directly to produce the injuries for which the action was brought. There can be no recovery, therefore, on the evidence. It has been held frequently that to cross a railroad under circumstances similar to those shown by this record constitutes such contributory negligence as to preclude a recovery. Peaslee v. Glass, 61 Ill. 94; Dick v. Swenson, 137 Ill. App. 68; Wabash R. R. Co. v. Monegan, 94 id. 82; T. St. L. & W. R. R. Co. v. Gallagher, 109 id. 67; I. C. R. R. Co. v. Batson, 81 id. 142; Cotter v. Chicago City Ry. Co., 141 id. 101.

This view of the merits of the case makes it unnecessary for us to consider and decide the other assignments of error pressed upon our attention in the briefs and assignments of counsel.

The judgment is reversed with a finding of fact.

*Reversed but not remanded.*