I. Kobrinsky, Defendant in Error, v. L. A. Raven, Plaintiff in Error.

### Gen. No. 15,645.

1. VERDICTS—*when not against the preponderance of the evidence.* A verdict for the plaintiff may be sustained notwithstanding it is sup-

ported by the testimony of himself and another witness and contradicted by the defendant and another witness.

2. Municipal Court—*when errors in instruction will not reverse.* An error in the charge given to a jury in the Municipal Court will not reverse unless the Appellate Court is satisfied that the judgment appealed from resulted from such error.

Error to the Municipal Court of Chicago; the Hon. Hosea W. Wells, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed June 1, 1911.

Samuel B. King and Jule F. Brower, for plaintiff in error.

Levy & Levy, for defendant in error.

Mr. Justice Brown delivered the opinion of the court.

In this case Isaac Kobrinsky obtained a judgment on a verdict of a jury in the Municipal Court of Chicago for $423.46 and costs against L. A. Raven.

The suit was begun by Kobrinsky against L. A. Raven and August Grage jointly, but after the evidence for the plaintiff had been heard he dismissed the suit as against Grage.

The cause of action was a claim for the repairing of wagons by the plaintiff, who was a blacksmith. The wagons repaired belonged to Grage, although Raven, who was a manufacturer of condition powders for horses and cattle, apparently had a mortgage on them. However that may be (and it is immaterial), the question at issue below before the jury, under what we consider proper and sufficient instruction from the court, was whether Raven made a direct promise to Kobrinsky to pay for the work which was done on the wagons before it was done.

Raven testified that he made no such promise, and further indeed, that he made no promise at all, either direct or of guaranty for Grage to pay for the work. We do not think that any question arises on this record involving the Statute of Frauds. The question was whether a direct promise had

or had not been made—not whether a promise admitted to have been made was direct or collateral.

On the issue thus made and submitted to the jury, the testimony was conflicting, but the question was a fair one for the jury and has been answered by them in favor of the plaintiff. We have read the entire evidence, and see no reason for holding the verdict clearly contrary to its weight. The plaintiff in error maintains that the verdict rests solely on the testimony of the plaintiff himself, corroborated by one other witness and contradicted by the testimony of the defendant, corroborated by the plaintiff's brother.

If this were so, there is no rule of law that makes a verdict for the plaintiff unsustainable. Peaselee v. Glass, 61 Ill. 94, so often cited to us, is not authority for any such thesis as that which counsel argue for. The proposition is contrary to the most elementary rules concerning the weight of evidence and duties of juries.

But the facts are not as thus colored. The plaintiff, Isaac Kobrinsky, and his witness, Brody, certainly gave evidence concerning a conversation between Raven and Kobrinsky which supported the verdict of the jury.

Raven denied the conversation altogether. Abe Kobrinsky corroborated his brother and Brody as to the occurrence of the conversation, and testified that he heard a part of what the plaintiff and Brody testified to, but did not remember anything else. This was corroboration, as far as it went, of plaintiff, and contradiction, not of him, but of the defendant.

We have not left out of account, in considering the evidence in this cause, the manner in which the accounts for the work done were originally entered by Kobrinsky, or the manner in which they were rendered; but we find nothing in them to warrant us in holding the verdict of the jury unsustainable or unjustified.

Complaint is made by the plaintiff in error of the charge of the court to the jury, but we do not think that taken together it is erroneous or misleading.

Nor should the distinction pointed out in Railway Co. v. Grossheim, 141 Ill. App. 77, between our duty as to er-

roneous instructions in the Municipal Court in cases of the fourth class, and our duty as to erroneous instructions in other courts, be overlooked. We certainly are not "satisfied" that the judgment in this case resulted from any erroneous instruction, even if the last paragraph of the charge might have been in more carefully guarded language.

We find no reversible error in the proceedings justifying a reversal of the judgment, and it is affirmed.

*Affirmed.*